**GAUNTLETT & ASSOCIATES**
David A. Gauntlett (SBN 96399)
James A. Lowe (SBN 214383)
18400 Von Karman, Suite 300
Irvine, California 92612
(949) 553-1010 / Fax: (949) 533-2050
info@gauntlettlaw.com
jal@gauntlettlaw.com

Attorneys for Plaintiff
PRIMARY COLOR SYSTEMS
CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRIMARY COLOR SYSTEMS CORPORATION, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>HISCOX INSURANCE COMPANY INC., an Illinois corporation,<br><br>Defendant. | Case No.<br><br>Hon. _____<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT, BREACH OF CONTRACT AND BAD FAITH**<br><br>**JURY DEMAND**<br><br>**Date**:<br><br>**Ctrm**: |

In this insurance coverage case, Plaintiff PRIMARY COLOR SYSTEMS CORPORATION (hereinafter "Primary Color") sues its employment liability insurer, Defendant HISCOX INSURANCE COMPANY INC. (hereinafter "Hiscox"), seeking: **(i)** a judicial declaration that Hiscox has a duty to indemnify Primary Color for the Arbitration Award entered in the underlying proceedings filed by Vincent Randazzo and any judgment entered thereon**; (ii)** a judicial determination that Hiscox breached its contractual duty to indemnify Primary Color and an award of damages for Hiscox's breach; and **(iii)** a judicial determination that Hiscox has breached its duty of good faith and fair dealing owed to Primary Color and an award of damages against Hiscox for its breach.

## THE PARTIES

1. Plaintiff PRIMARY COLOR SYSTEMS CORPORATION is a California Corporation with its principal place of business in Cypress, California, and therefore a citizen of California.

2. On information and belief, Defendant HISCOX INSURANCE COMPANY INC. is an Illinois corporation with its principal place of business in Chicago, Illinois, and therefore a citizen of Illinois.

3. On information and belief, Defendant HISCOX INSURANCE COMPANY INC. is licensed to sell and does sell liability insurance in the State of California and does business regularly in the State of California.

## JURISDICTION

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Primary Color and Hiscox.

5. More than $75,000 is in controversy in this action as the Arbitration Award against Primary Color entered on January 24, 2022 was for $850,000.

## VENUE AND CHOICE OF LAW

6. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(a)(c).

7. The underlying action for which Primary Color seeks indemnity, was initially filed in the California Superior Court for the County of Los Angeles, Case No. BC723334 and then arbitrated in Los Angeles before Judicate West arbitrator Hon. Chris R. Conway (Ret.).

8. Primary Color has operated in this judicial district where the underlying plaintiff alleges it has committed wrongful acts which are covered by the Hiscox insurance policy sold and issued to Primary Color in the Central District of California.

9. This federal judicial district is the place of performance under the policy and California law governs Hiscox's obligations to Primary Color.

## THE HISCOX POLICY

10. Hiscox issued Private Company Management Liability Insurance Policy No. UVA1455136.18 to Primary Color as the Named Entity insured, with a policy period from September 6, 2018 through September 6, 2019 ("the Policy") The Policy is attached hereto as **Exhibit "1"**.

11. The Policy's Employment Practices Liability Coverage Part ("EPLI Coverage Part") has a $1,000,000 policy limit.

12. The pertinent Insuring Agreement from the Policy's EPLI Coverage Part Form No. PVT P003 CW (07/09) provides:

> **I. Insuring Agreements**
> This **EPLI Coverage Part** shall pay the **Loss** of an **Insured** arising from a **Claim** first made against such **Insured** during the **Policy Period** or **Discovery Period** (if applicable) for any actual or alleged **Wrongful Act** of such **Insured**.

13. "Claim" is defined to mean:

> (i) a written demand for monetary, non-monetary or injunctive relief (including any request to toll or waive any statute of limitations);
> (ii) a civil . . . proceeding for monetary, nonmonetary or injunctive relief which is commenced by…service of a complaint or similar pleading;
> or

>(iii) an arbitration proceeding pursuant to an employment contract, policy or practice of a **Company** commenced by receipt of a demand for arbitration or similar document.

14. "Wrongful Act" is defined in part by the Policy to mean "any actual or alleged **Employment Practices Violation**."

15. "Employment Practices Violation" is defined in part by the Policy to mean any actual or alleged:

>(vi) employment-related misrepresentation(s) to an **Employee** of a **Company**;
>
>(ix) wrongful deprivation of career opportunity with a **Company**;
>
>but only if the actual or alleged **Employment Practices Violation** relates to an **Employee** of a **Company** . . . whether committed directly, indirectly, intentionally or unintentionally.

15. "Loss" is defined in part by the Policy to mean the amount that any **Insured** becomes legally obligated to pay in connection with any covered **Claim**, including, but not limited to:

>(i) judgments (including pre-judgment and post-judgment interest on any covered portion thereof) and settlements;
>
>(iv) salary, wages and bonus compensation, including back pay and front pay.

16. Exclusion A. of the EPLI Coverage Part of the Policy bars coverage "for any Claim arising out of, based upon or attributable to the committing of any deliberate criminal or deliberate fraudulent act if any final adjudication establishes that such deliberate criminal or deliberate fraudulent act was committed."

## THE UNDERLYING CLAIM

17. On September 26, 2018, Vincent Randazzo ("Randazzo") filed a

Complaint against Primary Color in the California Superior Court for the County of Los Angeles, Case No. BC723334 (the "Los Angeles Action"). The Los Angeles Action is styled as *Vincent Randazzo v. Primary Color Systems Corporation*.

18. The Complaint in the Los Angeles Action asserted two causes of action: (1) Breach of Employment Agreement; and (2) Fraud.

19. The Complaint in the Los Angeles Action made the following allegations:

> ¶ 6. In September 2008, Defendants hired Plaintiff as Primary Color's Chief Performance Officer pursuant to a written employment agreement.
>
> ¶ 7. Plaintiff worked for Primary Color through March 2018.
>
> ¶ 8. During Plaintiff's tenure, Primary Color, from time to time, amended the terms of the employment agreement. In 2012, Primary Color wanted to ensure the continuing employment of Plaintiff and offered incentives for him to stay with the company. To induce Plaintiff to stay with the company, Primary Color, by and through its managing agent, Daniel Hirt offered Plaintiff an equity interest in the company, a stake not less than ten percent (10%) and not more than twenty-five percent (25%). At the time, Plaintiff, who had received superlative reviews, was promoted to the positions of Chief Executive Officer and Chief Financial Officer, and performance bonuses, throughout his career with the company, had contemplated seeking employment elsewhere.
>
> ¶ 10. Therefore, through the course of several face-to-face meetings and the exchange of emails in April 2012, Hirt on behalf of Primary Color offered the equity stake in the company to Plaintiff.
>
> ¶ 11. Plaintiff accepted the offer and relied on the offer as a material inducement to continue working with Primary Color.
>
> ¶ 13. Plaintiff continued his employment for an additional six years, until he resigned in March 2018.
>
> ¶ 14. When he resigned, Plaintiff demanded his equity stake in the

company.

¶ 15. Defendants refused and disavowed ever making the offer. Defendants effectively committed fraud.

20. Based on these factual allegations, Randazzo asserted a claim for breach of contract and a claim for fraud. In support of his claim for fraud, Randazzo alleged:

¶ 24. Specifically, Defendants knew that when Mr. Hirt made the representations concerning the grant of equity to Plaintiff, Primary Color had no intention to ever provide such equity to him. They simply made the misrepresentations to keep Plaintiff happy and employed with the company. In truth, they had no intention to ever transfer the stake in the company to him.

¶ 25. Plaintiff relied on the misrepresentations to continue his employment with the company.

¶ 26. As a direct, foreseeable and proximate result of Defendants' actions, and each of them, Plaintiff has suffered and incurred damages of not less than $ 1 million in an amount per proof at trial.

21. The claims in the Los Angeles Action between Randazzo and Primary Color were subsequently referred for binding arbitration in Los Angeles before Judicate West arbitrator Hon. Chris R. Conway (Ret.) (hereinafter "Arbitrator") in JW Case No. A260440, styled as *In The Arbitration Between Vincent Randazzo vs. Primary Color Systems* ("the JW Arbitration").

22. A First Amended Complaint was later filed in the JW Arbitration, which repeats the original Complaint allegations set forth above and added a third claim for Unpaid Wages which is not relevant to this lawsuit. The First Amended Complaint is included as an exhibit to the Arbitrator's decision allowing its filing. The Arbitrator's decision, in which the First Amended Complaint appears as Exhibit "1", is attached as **Exhibit "2"**.

23. The JW Arbitration resulted in an "Initial Award" dated January 24, 2022

("Arbitrator Award") The Arbitrator Award, attached as **Exhibit "3,"** in which the Arbitrator denied Randazzo's claims for Breach of Contract and Recovery for Unpaid Wages, determining that Plaintiff Randazzo had "not met his burden of proof on these two causes of action." The Arbitrator noted that "no signed contract was submitted during the Arbitration Hearing" to establish a written equity agreement and further that based on the evidence, the alleged terms of an oral contract "were just to[o] indefinite to be enforceable."

24. The Arbitrator ruled in Randazzo's favor solely on the Fraud labeled cause of action.

25. As to Randazzo's claim for unpaid bonuses, the Arbitrator determined Randazzo's testimony that he never waived any right to bonuses more credible than Primary Color's contrary testimony. The Arbitrator summarily noted that Randazzo was not suing for breach of his employment agreement, "but for fraud." The Arbitration Award makes no findings of "deliberate fraud."

26. Addressing Randazzo's claim for lost salary, the Arbitrator determined that Primary Color "made certain representations to him" about giving Randazzo an equity interest with "intent to induce him to stay" with the Company rather than take a job elsewhere, and that "the evidence also clearly indicates that Primary Color never intended to give him any 'equity' in the company." But the Arbitration Award makes no findings of "deliberate fraud."

27. The Arbitrator's damage award entered on January 24, 2022 does not tie any award to "deliberate fraud" but instead bases the award on Primary Color's "misrepresentations" which are expressly covered by the Policy:

> In light of the foregoing, the Arbitrator finds that Claimant/Plaintiff, Vincent Randazzo, is entitled to an initial award on his Fraud claim against the Respondent/Defendant, Primary Color, in the sum of $850,000.00. The award is computed as follows: $400,000 representing the bonuses owed to Randazzo for the period from 2009 through 2017, and $450,000.00 representing the salary he lost by not accepting the offer from Orora, based upon the misrepresentations

made by Primary Color . . .

28. Notably, the Arbitrator concluded "that Randazzo is not entitled to an award of punitive damages against Primary Color."

### HISCOX REFUSES TO INDEMNIFY PRIMARY COLOR

29. On or about September 11, 2018, Primary Color, through its broker, provided Hiscox with notice that it had received a Demand Letter and Draft Complaint from counsel for Vincent Randazzo.

30. On September 18, 2018, Hiscox stated, among other things, that it had "completed its initial coverage analysis under" the Policy and was "pleased to confirm coverage for this matter subject to the currently known information and a full reservation of rights, as set forth below."

31. Hiscox acknowledged that "[t]he Demand Letter and enclosed Draft Complaint constitutes a Claim, which appears to have been first made during the July 1, 2018 to July 1, 2019 Policy Period" and that "[a]s the Demand Letter and enclosed Draft Complaint is made against PCS [Primary Color], it is made against an Insured." Accordingly, Hiscox agreed to defend Primary Color.

32. Relative to Randazzo's fraud allegation, Hiscox reserved rights under "Exclusion A. of the EPLI Coverage Part" which bars coverage for "any Claim arising out of, based upon or attributable to the committing of any deliberate criminal or deliberate fraudulent act if any final adjudication establishes that such deliberate criminal or deliberate fraudulent act was committed."

33. After receipt of the Arbitrator Award, Primary Color demanded that Hiscox indemnify it. To date, no judgment has been sought for the Arbitration Award.

34. On June 2, 2022, Hiscox informed Primary Color's broker, Guy Pakenham of Gallagher, that there was no coverage under the Hiscox Policy for the Arbitrator Award against Primary Color. Hiscox confirmed this with an email to Mr.

Pakenham, on June 2, 2022, which stated "Per our conversation, Hiscox's coverage position has not changed in that there is no coverage provided under the Policy for any settlement or judgment in this matter."

35. Since the date of the Arbitrator Award, Hiscox has not provided Primary Color or its broker with any further written statement of its factual or legal basis for its denial of coverage for the Arbitrator Award or any judgment entered thereon.

## COUNT I
## DECLARATORY JUDGMENT DUTY TO INDEMNIFY

36. Primary Color incorporates the allegations in the previous paragraphs of this Complaint as though fully alleged herein.

37. A valid contract exists between Primary Color and Hiscox, namely the Policy.

38. Primary Color fully performed all of the obligations and conditions to be performed by it under the Policy or has been excused from performing same as a result of Hiscox's breach of its duties.

39. Primary Color has fully paid premiums owed under the Policy each month the Policy has been in force.

40. By selling the Policy and taking payments from Primary Color, Hiscox agreed to indemnify Primary Color for damages for "Employment Practice Violations" defined to include "employment-related misrepresentation(s) to an Employee of a Company" and "wrongful deprivation of career opportunity with a Company."

41. The Policy expressly affords coverage for "Employment Practices Violations" "whether committed directly, indirectly, intentionally or unintentionally."

42. The Arbitration Award and any judgment entered thereon satisfies all requirements of the Policy for indemnification.

43. No exclusions bar coverage for the Arbitration Award including the "deliberate fraud" exclusion because the Arbitration Award did not constitute a final

adjudication establishing that Primary Color committed "deliberate fraud." Indeed, the Arbitrator Award did not specifically rule that Primary Color committed "deliberate fraud." Instead, the Arbitration Award was based on Primary Color's "misrepresentations" which are expressly covered by the Policy.

44. Hiscox has refused to acknowledge that it has an obligation to indemnify Primary Color and has refused to pay the Arbitration Award and any judgment entered thereon.

45. Hiscox is obligated under the Policy to pay Primary Color the full amount of Arbitration Award and any judgment entered thereon, including damages, attorney fees, and costs, as well as interest.

46. An actual bona fide controversy exists between Primary Color, on the one hand, and Hiscox, on the other hand, that requires judicial declaration by this Court of the parties' rights and duties regarding coverage for the Arbitration Award and any judgment entered thereon under the Policy.

## COUNT II
## BREACH OF CONTRACT

47. Primary Color incorporates the allegations in the previous paragraphs of this Complaint as though fully alleged herein.

48. A valid contract exists between Primary Color and Hiscox, namely the Policy.

49. Primary Color fully performed all of the obligations and conditions to be performed by it under the Policy or has been excused from performing them as a result of Hiscox's breach of its duty to indemnify.

50. By issuing and delivering the Policy and taking payments from Primary Color, Hiscox agreed to indemnify Primary Color for damages for "Employment Practice Violations" defined to include "employment-related misrepresentation(s) to an Employee of a Company" and "wrongful deprivation of career opportunity with a

Company."

51. The Policy expressly affords coverage for "Employment Practices Violations" "whether committed directly, indirectly, intentionally or unintentionally."

53. The Arbitration Award satisfies all requirements for indemnification under the Policy.

52. No exclusions bar coverage for the Arbitration Award including the "deliberate fraud" exclusion because the Arbitration Award did not constitute a final adjudication establishing that Primary Color committed "deliberate fraud." Indeed, the Arbitrator Award did not specifically rule that Primary Color committed "deliberate fraud." Instead, the Arbitration Award was based on "misrepresentations" which are expressly covered by the Policy.

55. Hiscox is obligated under the Policy to pay Primary Color the full amount of Arbitration Award and any judgment entered thereon, including damages, attorney fees, and costs, as well as interest.

56. Hiscox has not paid Primary Color any amount toward the debt of its insured created by the Arbitration Award.

57. Hiscox has breached its duty to indemnify Primary Color for the Arbitration Award and any judgment entered thereon.

58. As a result of that breach, Primary Color has been damaged in the amount of coverage to which it is entitled under the Policy, and in an amount to be proved at trial, and for which Primary Color seeks compensatory damages with interest thereon.

## COUNT III
## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

59. Primary Color incorporates the allegations in the previous paragraphs of this Complaint as though fully alleged herein.

60. Hiscox has refused to pay or acknowledge its obligation to indemnify Primary Color for the Arbitration Award plus interest without reasonable cause.

61.     An implied duty of good faith and fair dealing is implicit in every contract, including insurance contracts.

62.     The implied duty requires Hiscox to act reasonably and, among other things, to properly investigate coverage and not to withhold in bad faith payment of damages which the insured has become obligated by Arbitration Award and judgment to pay, especially without providing any reasonable basis for denial.

63.     Hiscox unreasonably failed to provide policy benefits, namely the indemnification of its insured following the Arbitration Award stemming from actions covered by the Policy contrary to controlling law, and unreasonably denied indemnity coverage without fully explaining or properly investigating the grounds for denial and with the intention of unjustifiably depriving Primary Color of rights and benefits due to it under the Policy.

64.     Hiscox's bad faith failure to provide a written, reasonable explanation of the grounds for its denial of coverage also violates California Insurance Code section 790.03(h)(13) and California Fair Claims and Settlement Practices Regulations, specifically 10 C.C.R. § 2695.7(b)(1).

64.     Hiscox has unreasonably refused without good cause to pay for any of the damages or interest that its insured was ordered to pay in the Arbitration Award.

65.     Hiscox's actions have been unreasonable and a breach of its implied covenant of good faith and fair dealing with its insured, and has required Primary Color to incur fees in order to enforce the policy benefits applicable to the Arbitration Award.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Primary Color prays for judgment against Defendant Hiscox as follows:

1.      A judicial declaration that Hiscox has a duty to indemnify Primary Color for the Arbitration Award under the Policy;

2.      A judicial determination that Hiscox has breached its contractual duty to

indemnify;

3. An award of damages for Hiscox's breach of contract;

4. An award of pre-judgment interest at the statutory interest rate of 10% per annum;

5. A judicial determination that Hiscox breached its implied covenant of good faith and fair dealing;

6. An award of damages against Hiscox for its breach of its covenant of good faith and fair dealing;

7. An award of Primary Color's reasonable attorneys' fees incurred in this lawsuit;

8. Award of costs of suit herein;

9. Such other and further relief as this Court may deem just and proper.

Dated: November 4, 2022            **GAUNTLETT & ASSOCIATES**

                                   By:   /s/ James A. Lowe
                                         David A. Gauntlett
                                         James A. Lowe

                                   Attorneys for Plaintiff
                                   PRIMARY COLOR SYSTEMS CORP.

## JURY DEMAND

In accordance with Fed. R. Civ. P. 38, Plaintiff hereby requests a trial by jury of all issues triable by a jury.

Dated: November 4, 2022            **GAUNTLETT & ASSOCIATES**

                                   By:   /s/ James A. Lowe
                                         David A. Gauntlett
                                         James A. Lowe

                                   Attorneys for Plaintiff
                                   PRIMARY COLOR SYSTEMS CORP.