ORLANDO F. CABANDAY (SBN 168131)
  orlando@cabandaylawgroup.com
**CABANDAY LAW GROUP**
21221 S. Western Avenue, Suite 208
Torrance, CA 90501
T:        310.997.2558
F:        310.984.1735

Attorneys for Plaintiff/Petitioner,
  **VINCENT RANDAZZO**

## BEFORE ADJUDICATE WEST

| | |
|---|---|
| **VINCENT RANDAZZO**, an individual,<br><br>     Plaintiff/Petitioner,<br><br>    vs.<br><br>**PRIMARY COLOR SYSTEMS CORPORATION,** a California corporation; **and DOES 1 through 10, inclusive,**<br><br>    Defendants/Respondents. | CASE NO.  649265<br>*Before the Honorable Chris R. Conway (Ret.)*<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; AND DECLARATION OF ORLANDO F. F. CABANDAY**<br><br>**DATE:  TBD**<br>**TIME:  TBD**<br><br><br>**Arbitration Date: October 20-23, 2020 Complaint Filed: <u>September 26, 2018</u>** |

1

**TO THE HONORABLE CHRIS R. CONWAY (Ret.), DEFENDANT/RESPONDENT PRIMARY COLORS CORPORATION AND ITS ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on the first available date that the Honorable Chris R. Conway (ret.), presiding arbitrator in this pending Adjudicate West Arbitration, Plaintiff/Petitioner Vincent Randazzo ("Randazzo") will and hereby does, pursuant to Code of Civil Procedure Sections 473(a) and 576, seek an order to:

(1)    add a third cause of action for violation of the California Labor Code Sections 201, 203, and 218.5 by Defendant/Respondent Primary Colors Corporation ("Primary") based on its failure to pay Randazzo's agreed compensation at the termination of his employment; and

(2)    deem the Proposed First Amended Complaint, which is attached as Exhibit "2" to the Declaration of Orlando F. Cabanday, to be the First Amended Complaint, and filed and served as of the date of the granting of the motion.

The proposed changes to the complaint are as follows – paragraphs 29 through 35 and paragraph 4 of the prayer.

## "THIRD CAUSE OF ACTION
### (RECOVERY FOR UNPAID WAGES)
### (Against Defendants and DOES 1 through 10)

29.    Plaintiff re-alleges and incorporates herein by reference, as though here fully set forth, every allegation of the foregoing Complaint. Wherever the incorporated allegations conflict with the allegations of this cause of action, they are alleged in the alternative.

30.    In 2018, Plaintiff's employment was terminated by his resignation. At the time of the termination of his employment, Plaintiff had accrued compensation due to him in the form of equity in Defendants.

31.    Pursuant to Labor Code §201, at the time of the termination of Plaintiffs' employment, Defendants, and each of them, were obligated to pay Plaintiff his equity in the company. Defendants failed to pay Plaintiff the agreed compensation due and owing, although

2

Plaintiff demanded payment. Defendants have continued to refuse and failed to pay the amount due and owing.

32.     Since the date of Plaintiff's termination of employment with Defendants, Plaintiff has been available and ready to receive the amount of wages and compensation specified hereinabove. Plaintiff has not refused to accept any payment.

33.     The failure by Defendants, and each of them, to pay Plaintiff the wages, salary and commissions due and owing as specified hereinabove was willful and Plaintiff has made both verbal and written demands for the payments, but Defendants, and each of them, have refused to pay the amount due and owing.

34.     The acts of Defendants were willful acts and constitute a willful failure to pay Plaintiff the wages due and owing and constitute a violation of Labor Code §203, which provides that an employee's wages will continue as a penalty until paid up to 30 days from the time the wages were due. Therefore, Plaintiff is entitled to additional compensation and damages, which is Plaintiffs wage rate multiplied by 30 days.

35.     Pursuant to Labor Code §218. 5, Plaintiff requests the court to also award Plaintiff reasonable attorneys' fees and costs incurred by Plaintiff in this action.

****

4. For waiting time penalties and attorneys' fees as allowed by the Labor Code."

///
///
////
///
///
///
///
///
///
///

**MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

1       This Motion is brought pursuant to this Notice, the following supporting Memorandum of

2   Points and Authorities, the accompanying Declaration Orlando F. Cabanday, the proposed First

3   Amended Complaint and proposed order on this Motion, matters which the Court may take proper

4   judicial notice, and is further based on this Court's records and files and upon such further

5   evidence or argument to be presented at the time of the hearing.

6

7                                **Respectfully Submitted,**

DATED:  July 6, 2020                **CABANDAY LAW GROUP**

                         By:  *Orlando Cabanday*

                            ORLANDO F. CABANDAY

                            Attorneys for Plaintiff/Petitioner

                            **VINCENT RANDAZZO**

**MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION AND SUMMARY OF FACTS.

Plaintiff/Petitioner Vincent Randazzo ("Randazzo") requests an Order granting him leave to file the proposed First Amended Complaint which is attached as Exhibit "1" to the Declaration of Orlando F. Cabanday, counsel of record for Randazzo.

Randazzo was employed from 2009 through 2018 as the Chief Performance Officer, Chief and then Chief Financial Officer and Chief Executive Officer of Defendant/Respondent Primary Colors Corporation ("Primary.")  Complaint, ¶¶ 6-16, Exhibit "2" to Cabanday Dec.  Primary is a visual marketing company which at the inception of Randazzo's employment was floundering.  Id at ¶ 2.  Randazzo turned around the operations of the company.   Midway through his tenure, in 2012, Randazzo expressed a desire to leave Primary for other employment more financially lucrative opportunities. Id at ¶ 12-16.   To induce Randazzo to stay, Primary, by and through the company's majority owners, officer and directors, offered Randazzo equity – shares – in the company, specifically not less than 10% and up to 25% depending on its future performance.  Id.

Based on Primary's representations, Randazzo continued his employment.  Primary's offer to provide equity was confirmed in various emails between Randazzo, the company's accountant and executive compensation consultant.  Id. Unbeknownst to Randazzo, Primary, by and through the same owners, officers and directors, had no intention of ever providing the equity to Randazzo.  Discovery obtained as part of this arbitration confirmed that Primary could not offer Randazzo the promised equity, that Primary had to seek approval to provide the benefits to Randazzo (a fact concealed from him) and that Primary misled Randazzo for years about the false promise so that he would continue as the Chief Financial and Chief Executive Officer.   Cabanday Dec., ¶3.

When Randazzo demanded his shares when he left the company in 2018, Primary disavowed its earlier promises and denied any agreement to provide Randazzo his promised equity:  Primary confirmed its fraud.   Complaint, ¶ 14.

Randazzo filed this breach of employment agreement and fraud action in Los Angeles County Superior Court in September 2018. Cabanday Dec., ¶3.   Due to various procedural delays (a denied motion to transfer venue by Primary and delays in Primary bringing its motion to compel

arbitration), the matter was then set for arbitration before the Arbitrator, with an October 2020 arbitration date.  (The parties had originally agreed to a July 2020 arbitration but subsequently agreed to continue the arbitration.)

In reviewing the pleadings, Randazzo determined that Primary's failure to pay the agreed equity violated Labor Code Sections 201, 203 and 218.5, which impose, inter alia, the obligation on an employer to timely pay all compensation and benefits to a departing employee.  The violations entitle Randazzo to statutory damages, costs and attorney's fees should he prevail on this claims.  Labor Code §§203 (waiting time penalties) and 218.5 (employee prevailing party attorney's fees).

Randazzo acknowledges that he should have alleged the claims, but there is absolutely no prejudice in allowing the proposed amendment now because (1) the facts on which the proposed amended claim is based are the same facts on which he has based his other claims; (2) the action will not change by the amendment – the proposed claim only changes the damages and remedies available to Randazzo when he prevails; and (3) discovery remains open and depositions have yet to be schedule (due to the Covid Pandemic and counsel for Randazzo's illness from the virus.) Cabanday Dec., ¶¶4-11.

Indeed, Randazzo is willing to continue the arbitration and any contingent pre-arbitration dates to alleviate any claimed prejudice by Primary.  The Proposed Amendments to the complaint are warranted under the factors set forth by the California Rules of Court, Rule 3.1324(b)(1) through (4), and on grounds that Randazzo should be allowed to adjudicate all his claims in a single action.

## II.     ARGUMENT.

### A.      LEAVE TO AMEND PLEADINGS IS LIBERALLY GRANTED.

Pursuant to Code of Civil Procedure Section 576:

> Any judge, at any time before or after commencement of trial, in the furtherance of justice, and upon such terms as may be proper, may allow the amendment of any pleading or pretrial conference order. Code Civ. Proc. § 576; See also Code Civ. Proc. § 473(a) (also authorizing courts to grant leave to amend pleadings).

Judicial policy favors resolution of all disputed matters between the parties in the same lawsuit;

thus "[i]f discovery and investigation develop factual grounds justifying a timely amendment to a pleading, leave to amend must be liberally granted." *Mabie v. Hyatt* (1998) 61 Cal.App.4th 581, 596; *Hirsa v. Superior Court* (1981) 118 Cal.App.3d 486, 488-89 (trial courts are to liberally permit amendments at any stage of the proceedings). "Where no prejudice is shown to the adverse party, the liberal rule of allowance prevails." *Higgins v. Del Faro* (1981) 123 Cal.App.3d 558, 564. "Moreover, it is irrelevant that new legal theories are introduced as long as the proposed amendments 'relate to the same general set of facts.'" *Kittredge Sports Company v. Superior Court* (1989) 213 Cal.App.3d 1045, 1048 (it is an abuse of discretion to deny leave to amend, even if there was unreasonable delay in moving to amend where the opposing party was not misled or prejudiced by the amendment).

Courts have observed:

> "[I]t is a <u>rare case</u> in which a court will be justified in refusing a party leave to amend his pleadings so that he may properly present his case. If the motion to amend is timely made and the granting of the motion will not prejudice the opposing party, it is error to refuse permission to amend and where the refusal also results in a party being deprived of the right to assert a meritorious cause of action or a meritorious defense, it is not only error but an abuse of discretion." (Emphasis added).

*Morgan v. Superior Court* (1959) 172 Cal.App.2d 527, 530 (internal citations and quotations omitted) (denial of leave to amend found to be an abuse of discretion where there was no delay of trial or prejudice to primary and where denial would seriously prejudice plaintiff).

## B. RANDAZZO SHOULD BE GRANTED LEAVE TO FILE THE PROPOSED FIRST AMENDED COMPLAINT.

Granting Randazzo leave to file the proposed First Amended Complaint is in furtherance of justice in that it would allow him to assert claims which relate to the same facts of his original complaint. Moreover, Primary would not be prejudiced by the amendment – the arbitration date is set for October 2020 and Randazzo will stipulate to any further continuance.

Randazzo's proposed third cause of action for Labor Code violations are based on the exact same facts that he based his first and second cause of action (breach of employment agreement and fraud, respective)   The proposed First Amended Complaint does not change the substance of the action.

**C.    PRIMARY WILL SUFFER NO PREJUDICE FROM THE ADDITION OF THE PROPOSED CAUSE OF ACTION.**

The Court should reject any claims of prejudice by Primary as to the proposed First Amended Complaint.  Prejudice exists where a potential amendment requires the delay of a set trial date, which also results in loss of evidence, adds costs of preparation, increases burden of discovery, etc. *See Magpali v. Farmers Group, Inc.* (1996) 48 Cal.App.4th 471, 486–488 (denial is proper where the trial date is set, the jury is about to be impaneled, counsel, the parties, the trial court, and the witnesses have blocked the time, and the only way to avoid prejudice to the opposing party is to continue the trial date to allow further discovery). The trial date is not for several months and Randazzo will stipulate to a continuance. No delay of any kind will result in granting the amendment – no continuance is necessary, Primary will not incur any additional costs, and no scheduling will be disrupted. There will be ample time for discovery. None of the factors exist to require denial of the instant motion.

**III.    CONCLUSION.**

Based on the foregoing reasons, Randazzo respectfully requests that the Court issue an Order granting her leave to file the First Amended Complaint and deeming the First Amended Complaint attached as Exhibit "2" to the Declaration of Orlando F. Cabanday to be the First Amended Complaint and filed and served as of the date of the Arbitrator's ruling.

Respectfully Submitted,

DATED: July 6, 2020                **CABANDAY LAW GROUP**

By:  *Orlando Cabanday*

ORLANDO F. CABANDAY
Attorneys for Plaintiff/Petitioner
**VINCENT RANDAZZO**

## DECLARATION OF ORLANDO F. CABANDAY

I, ORLANDO F. CABANDAY, declare and state as follows:

1.      I am an attorney duly licensed to practice before the Courts in the State of California and am the principal of the Cabanday Law Group, counsel of record for Plaintiff/Petitioner Vincent Randazzo.  I provide this declaration in support of Mr. Randazzo's Motion for Leave to File First Amended Complaint.   The following facts are of my own personal knowledge and if called upon to do so, I could and would testify to the truth of the matters stated herein.

2.      A true and correct copy of the Proposed First Amended Complaint is attached hereto as Exhibit "1."  The only new allegations concern the violations of Defendant/Respondent Primary Colors Corporation ("Primary") based on its failure to timely pay all compensation then due to Randazzo at the time he left its employment.

3.      When Primary failed to pay Mr. Randazzo's promised equity in the company, Mr. Randazzo filed his complaint in the Los Angeles County Superior Court in September 2018.   A true and correct copy of the original Complaint is attached hereto as Exhibit "2."   Primary's initial response to the Complaint was a motion to transfer venue, which the Court denied, which resulted in a several month delay.  When the Court ordered Primary to answer the Complaint, Primary filed a motion to compel arbitration, which Mr. Randazzo opposed but was eventually granted.  The motion resulted in a few more months delay – with no discovery conduct.

4.      Eventually, the matter was referred to Judicate West and the Arbitrator to resolve on the merits.  Pursuant to a scheduling conference held in December 2019, the Arbitrator and parties agreed to a July 2020 arbitration.

5.      The parties subsequently stipulated to a continuance of the arbitration to October 2020.

6.      In March 2020, the Covid pandemic resulted in a shutdown of nation and barred the parties from undertaking any in person depositions.

7.      After the government lifted some of the stay at home orders, the parties stipulated

to a deposition schedule for depositions in June 2020.

8.     In May 2020, I determined that Primary violated the Labor Code warranting a third cause of action for the violations.  Before the depositions, I met and conferred with counsel for Primary to file the First Amended Complaint.  Primary refused to stipulate to the filing of the amended pleading, forcing me to file the instant motion, which I had intended to file at the beginning of June 2020.

9.     At the beginning of June 2020, I was struck with the virus and unable to work or take and defend the proposed depositions.

10.     No depositions have been taken in this matter.

11.     Mr. Randazzo is willing to stipulate to the continuance of the arbitration to alleviate any claimed prejudice resulting from the addition of the new claim – which again, adds no new facts, but simply provides Mr. Randazzo with statutory remedies.

I declare under penalty of perjury the laws of the State of California that the foregoing is true and correct and that I executed this declaration on July 6, 2020 in Torrance, California

*Orlando Cabanday*
ORLANDO F. CABANDAY

**MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

# EXHIBIT "1"

1   ORLANDO F. CABANDAY (SBN 168131)
        orlando@cabandaylawgroup.com
2   **CABANDAY LAW GROUP**
    21221 S. Western Avenue, Suite 208
3   Torrance, CA 90501
    T:        310.997.2558
4   F:        310.984.1735

5   Attorneys for Plaintiff,
        **VINCENT RANDAZZO**

6

7

8                                    **BEFORE JUDCATE WEST**

9   **VINCENT RANDAZZO**, an individual,        CASE NO.  649265
                                                 *Before the Honorable Chris R. Conway (Ret.)*
10              Plaintiff,

11       vs.                                     **FIRST AMENDED COMPLAINT FOR:**

12  **PRIMARY COLORSYSTEMS**                     **(1) BREACH OF EMPLOYMENT**
    **CORPORATION**, a California corporation;   **AGREEMENT;**
13  **and DOES 1 through 10, inclusive,**
                                                 **(2) FRAUD; AND**
14              Defendants.

15                                               **(3) RECOVERY FOR UNPAID WAGES**

16

17

18

19

20

21

22

23

24

25

26

27

28  ──────────────────────────────────
                              1
                  **FIRST AMENDED COMPLAINT**

Plaintiff Vincent Randazzo ("Plaintiff") complains and pleads as follows:

## THE PARTIES

1.      At all relevant times, Plaintiff was and now is an individual.   Plaintiff was employed by Defendants within the Court's jurisdiction.

2.      Plaintiff is informed and believes and based thereon alleges that Defendant Primary Color Systems Corporation ("Primary Color" or "Defendant") is a California corporation which provides marketing services throughout the nation with a Defendant place of business within the Court's jurisdiction.

3.      The true names and capacities, whether individual, corporate, or otherwise, of Does 1 through 10, inclusive, are presently unknown to plaintiff and for that reason those Defendants are sued by such fictitious names.  Plaintiff is informed and believes, and on that basis, alleges, that each of the Defendants designated herein as a Doe is in some way responsible for the injuries alleged in this complaint.  Plaintiff will seek leave to amend this complaint pursuant to Section 474 of the California Code of Civil Procedure to allege the true names and capacities of said Defendants when the same have been ascertained.

4.      Plaintiff is informed and believes and on that ground alleges that at all times mentioned herein each of the defendants was the agent and/or employee of each of the remaining defendants, acting within the purpose, course and scope of that agency and/or employment, with the express and/or implied knowledge and/or consent of the other defendants; that the acts and omissions of each Defendant alleged herein were authorized and/or ratified by the other Defendants; and/or that each Defendant conspired with each of the other defendants to engage in the acts and omissions alleged herein.   All named and DOE defendants shall be referred to herein as "Defendants."

5.      The acts rise to the complaint occurred within this judicial district and therefore venue properly exists with the Court.

**FIRST AMENDED COMPLAINT**

## FIRST CAUSE OF ACTION

### BREACH OF AGREEMENT

### (Against Defendants and DOES 1 through 10)

6.      Plaintiff re-alleges and incorporates herein by reference, as though here fully set forth, every allegation of the foregoing Complaint. Wherever the incorporated allegations conflict with the allegations of this cause of action, they are alleged in the alternative.

7.      In 2012, the parties amended Plaintiff's employment agreement with Primary Color and agreed, in exchange for Plaintiff's continuing employment, the company would give him an equity stake in the company.

8.      Plaintiff accepted the offer and continued his employment, and has performed all other obligations, except those excused by Defendants' material breach.

9.      Defendants have breached the agreement by failing to transfer to Plaintiff the promised equity in Primary Color.

10.     Because of Defendants' breach of the agreement, Plaintiff has sustained damages of not less than $1 million, per proof, the value of his equity in the company.

### SECOND CAUSE OF ACTION

### FRAUD

### (Against Defendants and DOES 1 through 10)

11.     Plaintiff re-alleges and incorporates herein by reference, as though here fully set forth, every allegation of the foregoing Complaint. Wherever the incorporated allegations conflict with the allegations of this cause of action, they are alleged in the alternative.

12.     In the alternative, if Defendants disavow their agreement to provide the equity, Plaintiff contends that Primary Color defrauded him.

13.     Specifically, Defendants knew that when Mr. Hirt made the representations concerning the grant of equity to Plaintiff, Primary Color had no intention to ever provide such equity to him.  They simply made the misrepresentations to keep Plaintiff happy and employed with the company.  In truth, they had no intention to ever transfer the stake in the company to

3

**FIRST AMENDED COMPLAINT**

1  him.

2      14.    Plaintiff relied on the misrepresentations to continue his employment with the

3  company.

4      15.    As a direct, foreseeable, and proximate result of Defendants' actions, and each of

5  them, Plaintiff has suffered and incurred damages of not less than $1 million in an amount per

6  proof at trial.

7      16.    As a further proximate result of the wrongful conduct of Defendants, Plaintiff has

8  suffered and continues to suffer humiliation, lack of self-confidence, embarrassment, emotional

9  distress and mental anguish, all to his damage in an amount per proof at the time of trial.

10      17.    In doing the acts herein alleged, Defendants acted with oppression, fraud, malice

11  and in conscious disregard of his rights, and Plaintiff is therefore entitled to punitive damages in an

12  amount per proof at the time of trial.

13  
14                      **THIRD CAUSE OF ACTION**

15                  **(RECOVERY FOR UNPAID WAGES)**

                **(Against Defendants and DOES 1 through 10)**
16  

17      18.    Plaintiff re-alleges and incorporates herein by reference, as though here fully set

18  forth, every allegation of the foregoing Complaint. Wherever the incorporated allegations conflict

19  with the allegations of this cause of action, they are alleged in the alternative.

20      19.    In 2018, Plaintiff's employment was terminated by his resignation.

21  At the time of the termination of his employment, Plaintiff had accrued compensation due to him

22  in the form of equity in Defendants.

23      20.    Pursuant to Labor Code §201, at the time of the termination of Plaintiffs'

24  employment, Defendants, and each of them, were obligated to pay Plaintiff his equity in the

25  company. Defendants failed to pay Plaintiff the agreed compensation due and owing, although

26  Plaintiff demanded payment. Defendants have continued to refuse and failed to pay the amount

27  due and owing.

28  

**FIRST AMENDED COMPLAINT**

21.     Since the date of Plaintiff's termination of employment with Defendants, Plaintiff has been available and ready to receive the amount of wages and compensation specified hereinabove. Plaintiff has not refused to accept any payment.

22.     The failure by Defendants, and each of them, to pay Plaintiff the wages, salary and commissions due and owing as specified hereinabove was willful and Plaintiff has made both verbal and written demands for the payments, but Defendants, and each of them, have refused to pay the amount due and owing.

### THE WRONGFUL ACTS OF DEFENDANTS

18.     In September 2008, Defendants hired Plaintiff as DefendantColor's Chief Performance Officer pursuant to a written employment agreement.

19.     Plaintiff worked for Primary Colorthrough March 2018.

20.     During Plaintiff's tenure, DefendantColor, from time to time, amended the terms of the employment agreement. In 2012, Primary Colorwanted to ensure the continuing employment of Plaintiff and offered incentives for him to stay with the company.   To induce Plaintiff to stay with the company, DefendantColor, by and through its managing agent, Daniel Hirt offered Plaintiff an equity interest in the company, a stake not less than ten percent (10%) and not more than twenty-five percent (25%).   At the time, Plaintiff, who had received superlative reviews, was promoted to the positions of Chief Executive Officer and Chief Financial Officer, and performance bonuses, throughout his career with the company, had contemplated seeking employment elsewhere.

21.     Primary Colorand Hirt were aware of the marketability of Plaintiff and his value to the company.   They did not want Plaintiff to leave the company.

22.     Therefore, through the course of several face-to-face meetings and the exchange of emails in April 2012, Hirt on behalf of Primary Coloroffered the equity stake in the company to Plaintiff.

23.     Plaintiff accepted the offer and relied on the offer as a material inducement to continue working with DefendantColor.

24.     Mr. Hirt's representations were later confirmed in a supplemental employment agreement dated April 2012.    Subsequently, Primary Colorconfirmed the grant of the equity in various corporate documents issued to third parties.

25.     Plaintiff continued his employment for an additional six years, until he resigned in March 2018.

26.     When he resigned, Plaintiff demanded his equity stake in the company.

27.     Defendants refused and disavowed ever making the offer.    Defendants effectively committed fraud.

28.     Plaintiff has been forced to file this action to recover the equity promised by Defendants.

23.     The acts of Defendants were willful acts and constitute a willful failure to pay Plaintiff the wages due and owing and constitute a violation of Labor Code §203, which provides that an employee's wages will continue as a penalty until paid up to 30 days from the time the wages were due. Therefore, Plaintiff is entitled to additional compensation and damages, which is Plaintiffs wage rate multiplied by 30 days.

24.     Pursuant to Labor Code §218. 5, Plaintiff requests the court to also award Plaintiff reasonable attorneys' fees and costs incurred by Plaintiff in this action.

### PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.     For damages, per proof, but not less than $1 million;

2.     For punitive damages;

3.     For prejudgment and post-judgment interest as available by law;

4.     For waiting time penalties and attorneys' fees as allowed by the Labor Code;

5.     For costs of suit incurred herein; and

///

///

1    ///

2    ///

3         6.      For such other and further relief as this Court may deem just and proper.

4                                              **Respectfully Submitted,**

5    DATED:  July 6, 2020                      **CABANDAY LAW GROUP**

6

7                                       By: _____

8                                              ORLANDO F. CABANDAY
                                               Attorneys for Plaintiff/Petitioner
9                                              **VINCENT RANDAZZO**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                              7
                                   **FIRST AMENDED COMPLAINT**

# EXHIBIT "2"

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

PRIMARY COLOR SYSTEMS CORPORATION, a California
corporation; and DOES 1 through 10, inclusive, *defendants*

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

VINCENT RANDAZZO, *an individual, plaintiff*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

SEP 2 6 2018

Sherri R. Carter, Executive Officer/Clerk
By: Ricardo Perez, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. *¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es): Los Angeles County Superior Court

111 North Hill
Los Angeles California

CASE NUMBER:
(Número del Caso): **B C 7 2 3 3 3 4**
~~BC702606~~

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Orlando Cabanday, 21221 S. Western, Torrance, CA 90501, 310.997.2558

DATE: **SEP 2 6 2018**          **SHERRI R. CARTER**      Clerk, by          **RICARDO PEREZ**          , Deputy
(Fecha)                                        (Secretario)                                                (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☐ other (specify):
4. ☐ by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465

ORLANDO F. CABANDAY (SBN 168131)
orlando@cabandaylawgroup.com
**CABANDAY LAW GROUP**
21221 S. Western Avenue, Suite 208
Torrance, CA 90501
T:        310.997.2558
F:        310.984.1735

Attorneys for Plaintiff,
**VINCENT RANDAZZO**

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

SEP 2 6 2018

Sherri R. Carter, Executive Officer/Clerk
By: Ricardo Perez, Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| **VINCENT RANDAZZO**, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>**PRIMARY COLOR SYSTEMS CORPORATION**, a California corporation; **and DOES 1 through 10, inclusive,**<br><br>Defendants. | CASE NO.  B C 7 2 3 3 3 4<br><br>**COMPLAINT FOR:**<br>**(1)   BREACH OF EMPLOYMENT AGREEMENT; AND**<br>**(2)   FRAUD**<br><br>**DEMAND FOR JURY** |

1

**COMPLAINT**

Plaintiff Vincent Randazzo ("Plaintiff") complains and pleads as follows:

## THE PARTIES

1.     At all relevant times, Plaintiff was and now is an individual.     Plaintiff was employed by Defendants within the Court's jurisdiction.

2.     Plaintiff is informed and believes and based thereon alleges that Defendant Primary Color Systems Corporation ("Primary Color") is a California corporation which provides marketing services throughout the nation with a primary place of business within the Court's jurisdiction.

3.     The true names and capacities, whether individual, corporate or otherwise, of Does 1 through 10, inclusive, are presently unknown to plaintiff and for that reason those defendants are sued by such fictitious names.  Plaintiff is informed and believes, and on that basis, alleges, that each of the defendants designated herein as a Doe is in some way responsible for the injuries alleged in this complaint.  Plaintiff will seek leave to amend this complaint pursuant to Section 474 of the California Code of Civil Procedure to allege the true names and capacities of said defendants when the same have been ascertained.

4.     Plaintiff is informed and believeS and on that ground alleges that at all times mentioned herein each of the defendants was the agent and/or employee of each of the remaining defendants, acting within the purpose, course and scope of that agency and/or employment, with the express and/or implied knowledge and/or consent of the other defendants; that the acts and omissions of each defendant alleged herein were authorized and/or ratified by the other defendants; and/or that each defendant conspired with each of the other defendants to engage in the acts and omissions alleged herein.   All named and DOE defendants shall be referred to herein as "Defendants."

5.     The acts rise to the complaint occurred within this judicial district and therefore venue properly exists with the Court.


## THE WRONGFUL ACTS OF DEFENDANTS

6.     In September 2008, Defendants hired Plaintiff as Primary Color's Chief Performance Officer pursuant to a written employment agreement.

7.     Plaintiff worked for Primary Color through March 2018.

8.     During Plaintiff's tenure, Primary Color, from time to time, amended the terms of the employment agreement. In 2012, Primary Color wanted to ensure the continuing employment of Plaintiff and offered incentives for him to stay with the company.   To induce Plaintiff to stay with the company, Primary Color, by and through its managing agent, Daniel Hirt offered Plaintiff an equity interest in the company, a stake not less than ten percent (10%) and not more than twenty-five percent (25%).   At the time, Plaintiff, who had received superlative reviews, was promoted to the positions of Chief Executive Officer and Chief Financial Officer, and performance bonuses, throughout his career with the company, had contemplated seeking employment elsewhere.

9.     Primary Color and Hirt were aware of the marketability of Plaintiff and his value to the company.   They did not want Plaintiff to leave the company.

10.     Therefore, through the course of several face-to-face meetings and the exchange of emails in April 2012, Hirt on behalf of Primary Color offered the equity stake in the company to Plaintiff.

11.     Plaintiff accepted the offer and relied on the offer as a material inducement to continue working with Primary Color.

12.     Mr. Hirt's representations were later confirmed in a supplemental employment agreement dated April 2012.   Subsequently, Primary Color confirmed the grant of the equity in various corporate documents issued to third-parties.

13.     Plaintiff continued his employment for an additional six years, until he resigned in March 2018.

14.     When he resigned, Plaintiff demanded his equity stake in the company.

15.     Defendants refused and disavowed ever making the offer.   Defendants effectively committed fraud.

16.     Plaintiff has been forced to file this action to recover the equity promised by

3

**COMPLAINT**

Defendants.

## FIRST CAUSE OF ACTION

### BREACH OF AGREEMENT

### (Against Defendants and DOES 1 through 10)

17.     Plaintiff re-alleges and incorporates herein by reference, as though here fully set forth, every allegation of the foregoing Complaint. Wherever the incorporated allegations conflict with the allegations of this cause of action, they are alleged in the alternative.

18.     In 2012, the parties amended Plaintiff's employment agreement with Primary Color and agreed, in exchange for Plaintiff's continuing employment, the company would give him an equity stake in the company.

19.     Plaintiff accepted the offer and continued his employment, and has performed all other obligations, except those excused by Defendants' material breach.

20.     Defendants have breached the agreement by failing to transfer to Plaintiff the promised equity in Primary Color.

21.     Because of Defendants' breach of the agreement, Plaintiff has sustained damages of not less than $1 million, per proof, the value of his equity in the company.

## SECOND CAUSE OF ACTION

### FRAUD

### (Against Defendants and DOES 1 through 10)

22.     Plaintiff re-alleges and incorporates herein by reference, as though here fully set forth, every allegation of the foregoing Complaint. Wherever the incorporated allegations conflict with the allegations of this cause of action, they are alleged in the alternative.

23.     In the alternative, if Defendants disavow their agreement to provide the equity, Plaintiff contends that Primary Color defrauded him.

24.     Specifically, Defendants knew that when Mr. Hirt made the representations concerning the grant of equity to Plaintiff, Primary Color had no intention to ever provide such equity to him.  They simply made the misrepresentations to keep Plaintiff happy and employed

4

with the company.  In truth, they had no intention to ever transfer the stake in the company to him.

25.     Plaintiff relied on the misrepresentations to continue his employment with the company.

26.     As a direct, foreseeable and proximate result of Defendants' actions, and each of them, Plaintiff has suffered and incurred damages of not less than $1 million in an amount per proof at trial.

27.     As a further proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer humiliation, lack of self-confidence, embarrassment, emotional distress and mental anguish, all to his damage in an amount per proof at the time of trial.

28.     In doing the acts herein alleged, Defendants acted with oppression, fraud, malice and in conscious disregard of his rights, and Plaintiff is therefore entitled to punitive damages in an amount per proof at the time of trial.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.     For damages, per proof, but not less than $1 million;

2.     For punitive damages;

3.     For prejudgment and post-judgment interest as available by law; and

4.     For costs of suit incurred herein.

5.     For such other and further relief as this Court may deem just and proper.

DATED: September 25, 2018                    **CABANDAY LAW GROUP**


                                    By:  *Orlando Cabanday*
                                         ORLANDO F. CABANDAY
                                         Attorneys for Plaintiff
                                         **VINCENT RANDAZZO**

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a jury trial on the claims so triable.

DATED:  September 25, 2018                    **CABANDAY LAW GROUP**

                                                    By:  *Orlando Cabanday*
                                                         ORLANDO F. CABANDAY
                                                         Attorneys for Plaintiff
                                                         **VINCENT RANDAZZO**

6
**COMPLAINT**

## PROOF OF SERVICE

I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 21221 S. Western Avenue, Suite 208, Torrance, CA 90501.

On 7/6/20, I served the following document(s):

**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; AND DECLARATION OF ORLANDO F. F. CABANDAY**

on the interested parties in this action as indicated below or on the attached service list, together with this declaration, as follows:

Alaya b. Meyers
LITTLER MENDELSON, P.C.                    Attorneys for Defendant Primary
2050 Main Street, Suite 900                Color Systems Corporation
Irvine, CA 92614
T: 949.705.3000
F: 949.724.1201

(X)    (By Mail) I am readily familiar with the business' practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at Torrance, California.

(X)    (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 6, 2020, at Torrance, California

ELEONORA COMASCHI

11

**MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**