| | |
|---|---|
| 1 | Hon. Chris R. Conway (Ret.) |
| | Judicate West |
| 2 | 601 S. Figueroa St. |
| | Suite 4000 |
| 3 | Los Angeles, CA 90017 |
| | Tel: (213) 223-1113 |
| 4 | Fax: (213) 223-1114 |
| 5 | |
| | Arbitrator |

**IN THE ARBITRATION**

**BETWEEN**

| | |
|---|---|
| **VINCENT RANDAZZO,** | JW Case No.: A260440 |
| **Plaintiff,** | |
| **vs.** | |
| | **ARBITRATOR'S INITIAL AWARD** |
| **PRIMARY COLOR SYSTEMS,** | |
| **Defendant.** | |

This is a binding Arbitration between Claimant/Plaintiff, Vincent Randazzo (hereinafter, Randazzo) and Respondent/Defendant, Primary Color Systems Corporation (hereinafter, Primary Color) pursuant to stipulation and agreement of the parties and counsel. The matter was arbitrated over a four day period from October 18 to October 21, 2021, before the undersigned as the agreed upon Arbitrator. Randazzo was represented by attorney, Orlando F. Cabanday, and Primary Color was resented by attorney, Robert W. Conti. Upon the conclusion of the evidentiary portion of the hearing, both counsels wanted to present their respective closing arguments and comments in written form and the Arbitrator set up a briefing schedule for the closing briefs. The last brief was received by the Arbitrator in early January, 2022. The Arbitrator now renders his initial award as hereinafter set forth.

The following individuals were sworn and testified during the hearing: Daniel Hirt, Michael Hirt, Vincent Randazzo, Aurelio Cerdas, Laura Randazzo, and Wayne Platt. At the

conclusion of the hearing, each side offered a large binder of Exhibits which were received in evidence without objection. Randazzo has plead three causes of action against Primary Color as follows: Breach of Employment Contract, Fraud, and Recovery for Unpaid wages.

The subject of the Arbitration concerns alleged agreements or promises that Randazzo claims were made to him during the time he was employed by Primary Color. Primary Color denies any such agreements or promises were ever made to Randazzo.

Randazzo testified that he began employment with Primary Color in September, 2008 pursuant to an Employment Contract (Exhibit No. 25) as the Chief Performance Officer for Primary Color. His compensation was to be $150,000 per year, plus "performance based bonuses" of $50,000,00, per year. Evidence received during the hearing shows that Randazzo received a raise to $179,999.76 in September, 2010 (Exhibit No. 93) and another raise to $220,000.00 in March, 2015 (Exhibits Nos 99 and 101). Randazzo further testified that he was subsequently promoted to Chief Financial Officer (Exhibit No. 26) on or about January 16, 2009, and that he was later promoted again, this time to Chief Executive Officer (Exhibit No. 27) in early January 2010. Randazzo also stated that during all of these promotions, and the two salary increases, he never agreed to cancel or change the terms of his original employment agreement (Exhibit No. 25) regarding bonuses.

Daniel Hirt testified that he was the President, a shareholder and a member of the Board of Directors, of Primary Color; and that Michael Hirt and Ronald Hirt were also shareholders and members of the Board of Directors during the time which is the subject of this Arbitration. He further testified that Randazzo was hired by Primary Color in 2008 as it's "Performance Officer" pursuant to Exhibit No. 25, the Employment Contract, and he acknowledged that Randazzo was promoted two times over the next couple of years, eventually to Chief Executive Officer, however, he testified that when Randazzo was promoted to Chief Financial Officer in late 2008, Randazzo's right to the bonuses mentioned in Exhibit 25, ended. Hirt acknowledged that Exhibit No. 25 was never modified or amended in writing, but was amended orally to end Randazzo's right to the

bonuses.  Randazzo testified that he never agreed to any amendment or modification of Exhibit 25, orally or in writing.

During the hearing, reference was made to Daniel Hirt's deposition (Exhibit No. 82) which was taken on August 11, 2020, at page 52, wherein Mr. Hirt testified that he and his brothers approved an oral amendment to the Employment Agreement (Exhibit No. 25), ending Randazzo's right to the bonuses when he became CFO.  The Arbitrator notes that neither the deposition, nor any evidence presented during the hearing, makes any reference to Randazzo agreeing in writing, or orally, to the amendment or modification referenced above.  Randazzo, as set forth above, contends that he never did agree to any such amendment or modification.  In light of the foregoing, one of the issues in this case relates to whether Randazzo was entitled to any bonuses from 2009 on, once he was promoted to CFO.

Randazzo testified that in early 2012 he learned that the owners of Primary Color were seeking to sell the company for $30,000,000.00, and stated that upon learning of this intent, he made a demand in April 2012, upon the owners of the company, for his bonuses and threatened to quit. Randazzo further testified that at that time he had an offer from another company to go to work for them at a salary $100,000.00 more a year then he was making at Primary Color.  In response to Randazzo's demand, he contends Primary Color offered him an equity position in the company at a minimum of 10% and possible as high as 25%.  Randazzo contends that he was to receive his equity upon the sale of Primary Color, or after 5 years, whichever came first. Primary Color, through Daniel Hirt and Michael Hirt, deny that any such offer was made to Randazzo.

In reviewing some of the evidence in this matter, the Arbitrator notes there are several pieces of evidence which seem to support Randazzo's claim.  Exhibit 24, which is a Primary Color Action Register (the testimony during the hearing was that "Action Registers" were like corporate minutes) dated April 26, 2012, and notes under item 11 "Finalize equity percentage for Vincent (between 10% -25%)".  Exhibit 33 appears to be a draft of a "Supplemental Employment Agreement" between Primary Color and Randazzo talking about a Stock Option for Randazzo in paragraphs 3.1 and 3.4.  The copy received in evidence is not signed by either party.  Exhibit 73

is an email from Dan Hirt to Amy Thompson dated March 4, 2013 which says, in part, "Hi Amy, the goal is to grant Vincent a not yet decided percentage of pcs stock, payable when we sell pcs." As further support for Randazzo's claim, there is an email (Exhibit No. 41) dated September 2, 2014, from Mike Hirt to Ron Hirt which says "I agree that we need to deal with this asap. Everything needs to be tied to performance.  He is asking for way too much of a % and he has had it on the minutes for over a year. If he left, he could sue and win easily.  I see no reason this can't be finalized between us in one sit down."

Exhibit No. 66, a Primary Color Redemption Term Sheet, which was used in connection with the purchase by Daniel Hirt and Michael Hirt of Ron Hirt's shares in Primary Color, in section 4, makes reference to "equity participation for non-shareholder management", and talks specifically of a "grant of 10% equity", clearly referring to an equity share to be granted to Randazzo.

Michael Hirt testified during the hearing that the "equity agreement" was rejected as of May, 2012, but that the rejection was never communicated to Randazzo.  Michael Hirt further testified that they continued to talk to Randazzo about "equity", even after all three Hirts' had rejected it among themselves. The evidence was undisputed that the Hirt brothers were the only owners of Primary Color and the only directors. Any conduct by them was clearly the conduct of Primary Color.

Randazzo testified that the only reason he did not leave Primary Color in April 2012, and accept another employment offer he had received from Orora, which was going to pay him $275,000.00 per year in salary, was because of the fact he was offered an equity position in Primary Color.

There was amble evidence during the hearing, both from Daniel Hirt and Michael Hirt that they both thought Randazzo's request or demand for equity in Primary Color was "laughable" and something they would never agree to, however, all of the foregoing clearly indicates that, in fact, they had lead Randazzo to believe they were going to give him "equity" in Primary Color in order to keep him from leaving in 2012. The Arbitrator has serious issues with the creditability

of Daniel Hirt, and to a lesser degree, Michael Hirt.  There is just too much evidence, that they made certain promises and representations to Randazzo which they never intended to keep.  All of the emails mentioned above, along with copies of draft documents and other evidence simply cast great doubt on the testimony of both Daniel and Michael Hirt.

Additionally, Daniel Hirt testified during the hearing, that, at least, around the time Randazzo left, he was not doing a very good job at Primary Color, yet, he was promoted on two different occasions, eventually to CEO.  Why would you continue to promote someone if they were not doing a good job? There was also evidence that during the time Randazzo worked for Primary Color, the business increased dramatically, to the point they had "the best year they had ever had in 2016".  Again, inconsistent with someone not doing a good job.

As set forth above, Randazzo has plead three causes of action against Primary Color: Fraud, Breach of Oral Contract, and Recover for Unpaid Wages.  It is clear, that as the Plaintiff or Claimant herein, Randazzo has the burden of proof on each of his claims.  The Arbitrator will address the causes of action for Breach of an Oral Contract and Recovery of Unpaid Wages first.  The Arbitrator finds that Randazzo has not met his burden of proof on these two causes of action.

The Arbitrator believes that the alleged contract under the Breach of Oral Contract cause of action is not specific enough to form the basis for the contract.  For example, Randazzo contends that he was promised an equity interest in Primary Color, however, it is unclear as to how much that equity interest was to be, i.e., 10% or some other amount up to 25%.  It is also unclear as to when Randazzo was to receive his equity interest, i.e., on the date the alleged contract was created (which is an open question); the date Primary Color is sold (which apparently had not happened by the time of the Arbitration hearing); or at the end of a five year period from sometime in 2012. Randazzo did testify that he signed a new contract (Exhibit No. 33) evidencing the fact he was to receive "equity" in Primary Color, however, no signed contract was submitted during the Arbitration Hearing and Primary Color contends that no such contract was ever signed by them.  Accordingly, based upon the evidence presented, we are dealing with an alleged "Oral Contract".  For the reasons set forth above, the Arbitrator finds that the terms of any such "Oral

Contract" were just to indefinite to be enforceable. Thus, Randazzo has not met his burden of proof as to that cause of action.

Based upon the foregoing, the Arbitrator believes that no discussion is necessary as to the value of Primary Color since Randazzo did not prevail on his claim for an "equity" in the company under his Breach of Contract cause of action.

As to the Cause of Action for Recovery of Unpaid Wages, Randazzo has also failed to meet his burden of proof.  Paragraph 31 of the First Amended Complaint (this paragraph is part of the Third Cause of Action) clearly states that the claim is based upon Randazzo not receiving the "equity" share in the company he was promised.  However, as set forth above, Randazzo did not meet his burden of proof with regard to proving a contract between him and Primary Color giving his such an "equity interest". Accordingly, this Cause of Action must also fail.

Lastly, as to Randazzo's Cause of Action for Fraud against Primary Color, the Arbitrator finds that Randazzo has met his burden of proof in that regard and is entitled to an award, accordingly.  The evidence is clear that in 2012, Randazzo was threatening to leave Primary Color, and in order to prevent him from doing so, Primary Color, through its shareholders and directors, made certain representations to him about his receiving an "equity interest" in Primary Color with the intent to induce him to stay, which he did.  The evidence also clearly indicates that Primary Color never intended to give him any "equity" in the company, in fact the shareholders and directors "laughed at the idea", according to the testimony of both Daniel and Michael Hirt.

The Arbitrator found Randazzo to be a very creditable witness, however, the same cannot be said of the Hirts'.  The claim of the Hirt's that Randazzo had waived his right to the bonuses set forth in Exhibit No. 25 at various times, just does not seem believable. Daniel Hirt testified that these were all "oral agreements" (not clear as to who they were with, apparently not Randazzo), while Randazzo testified he never agreed to give up the bonuses. This comment is made relative to the creditability of the witnesses. Further, it is also noted, that Randazzo is not suing for breach of the 2008 Employment Agreement, but for fraud.

In light of the foregoing, the Arbitrator finds that Claimant/ Plaintiff, Vincent Randazzo, is entitled to an initial award on his Fraud claim against the Respondent/ Defendant, Primary Color, in the sum of $850,000.00. The award is computed as follows: $400,000.00 representing the bonuses owed to Randazzo for the period from 2009 through 2017, and $450,000.00 representing the salary he lost by not accepting the offer from Orora, based upon the misrepresentations made by Primary Color. In calculating this later amount, the Arbitrator took into account the fact that Randazzo received salary raises from Primary Color in September 2010 to $175,000.00 and in March 2015 to $220,000.00 annually, and used them to compute the difference in pay as against the offered salary from Orora of $275,000.00 per year. The Arbitrator further finds that Randazzo is not entitled to an award of punitive damages against Primary Color.

The Arbitrator also finds that this claim is not "time barred", as claimed by Primary Color, in light of the fact that the claim is for fraud and not breach of the 2008 Employment Agreement. The Arbitrator also believes that Randazzo is correct in his belief that Primary Color is not entitled to an "off set" for the loan it made to Randazzo in the past.

The Arbitrator hereby makes an initial award in favor of the Claimant/Plaintiff, Vincent Randazzo, and against the Respondent/Defendant, Primary Color, in the sum of $850,000.00 as set forth above. The Arbitrator is retaining jurisdiction over this matter in the event there are any Post Award Motions or other proceedings.

Date: January 24, 2022

_____
Hon. Chris R. Conway (Ret.)



Santa Ana Office
1851 E. First Street
Suite 1600
Santa Ana, CA 92705
Phone: (714) 834-1340
Fax: (714) 834-1344
www.judicatewest.com

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE:

    I am employed in the County of Orange, State of California.  I am over the age of 18 and am not a party to the within action.  My business address is 1851 East First Street, Suite 1600, Santa Ana, California 92705.

    On 1/26/2022 I served the **ARBITRATOR'S INITIAL AWARD** on the following parties in the matter of **Vincent Randazzo vs. Primary Color Systems Corporation** placing a true copy to all parties as follows:

**SEE ATTACHED CASE CONTACT LIST**

| | | |
|---|---|---|
| ( ) | BY U.S. MAIL: | I caused such envelope(s), with postage fully prepaid, to be placed in the U.S. Mail at Santa Ana, California. |
| ( ) | BY FACSIMILE: | I caused such document to be sent via facsimile to each person on the attached mailing list. |
| (X) | BY ELECTRONIC MAIL: | I caused such document to be sent via electronic mail to each person. |
| ( ) | BY PERSONAL SERVICE: | I caused such envelope to be delivered by hand to the office of the addressee. |
| (X) | STATE: | I declare under penalty of perjury under the laws of the State of California that the above is true and correct. |
| ( ) | FEDERAL: | I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. |

Executed on 1/26/2022 at Santa Ana, California.

                                                      Regina Lopez
                                                      Judicate West

Downtown Los Angeles Office • 601 S. Figueroa Street Suite 3400, Los Angeles, CA 90017 • (213) 223-1113 • Fax (213) 223-1114
San Diego Office • 402 W. Broadway Suite 2400, San Diego, CA 92101 • (619) 814-1966 • Fax (619) 814-1967
San Francisco Office • 100 Pine Street Suite 1950, San Francisco, CA 94111 • (415) 266-1242 • Fax (415) 266-1243
West Los Angeles Office • 11601 Wilshire Blvd Suite 2040, Los Angeles, CA 90025 • (310) 442-2100 • Fax (310) 442-2125
Sacramento Office • 980 9th Street Suite 2200, Sacramento, CA 95814 • (916) 394-8490 • Fax (916) 394-8495



**Santa Ana Office**
1851 East First Street
Ste 1600
Santa Ana, CA  92705
Phone: (714) 834-1340
Fax: (714) 834-1344

**www.judicatewest.com**

# Case Contact List

as of Wednesday, January 26, 2022

**JW Case #: A260440**

*Case Caption: Vincent Randazzo vs. Primary Color Systems Corporation*

Orlando F. Cabanday, Esq.
Cabanday Law Group
21221 South Western Avenue
Suite 208
Torrance, CA 90501
Phone: (310) 997-2558   Fax: (310) 984-1735
Email: orlando@cabandaylawgroup.com
Representing Vincent Randazzo

Charles M. Cannizzaro, Esq.
Littler Mendelson, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
Phone: (949) 705-3000   Fax: (949) 724-1201
Email: ccannizzaro@littler.com
Representing Primary Color Systems Corporation

Robert W. Conti, Esq.
Littler Mendelson, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
Phone: (949) 705-3000   Fax: (949) 724-1201
Email: rconti@littler.com
Representing Primary Color Systems Corporation

Downtown Los Angeles Office ● 601 S. Figueroa Ste 3400 ● Los Angeles, CA  90017 ● (213) 223-1113 ● Fax (213) 223-1114
Sacramento Office ● 980 9th Street Suite 2200 ● Sacramento, CA  95814 ● (916) 394-8490 ● Fax (916) 394-8495
San Diego Office ● 402 W. Broadway Ste 2400 ● San Diego, CA  92101 ● (619) 814-1966 ● Fax (619) 814-1967
San Francisco Office ● 100 Pine Street Ste 1950 ● San Francisco, CA  94111 ● (415) 266-1242 ● Fax (415) 266-1243
West Los Angeles Office ● 11601 Wilshire Blvd Ste 2040 ● Los Angeles, CA  90025 ● (310) 442-2100 ● Fax (310) 442-2125